# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FT. MYERS DIVISION

**WALTER VILKAS,**

                **Plaintiff,**

**-vs-**                                                      **Case No.   2:03-cv-687-FtM-29DNF**

**COMMISSIONER OF SOCIAL SECURITY,**

                **Defendant.**

_____/

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **AMENDED MOTION FOR ATTORNEY FEES (Doc. No. 23)** |
| **FILED:** | **April 11, 2007** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

| | |
|---|---|
| **MOTION:** | **MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. 406(B) (Doc. No. 17)** |
| **FILED:** | **October 4, 2006** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED** as moot.

The Plaintiff's counsel is seeking an award of attorney's fees pursuant to 42 U.S.C. §406(b). The Commissioner filed his Response (Doc. 25) objecting to the amount of fees. The Plaintiff's counsel seeks fees in the amount of $6,170.25 less the EAJA fee of $831.63 for a total award of $5,338.62 for 5.5 hours of work. The Plaintiff sought judicial review of the final decision of the Commissioner of Social Security (the 'Commissioner") denying his claim for Social Security disability benefits. Following the filing of the Commissioner's Answer (Doc. 7) on March 22, 2004, the Commissioner filed a Motion for Entry of Judgment with Remand (Doc. 9) on April 5, 2004. The District Court entered on Order (Doc. 10) on April 22, 2004, remanding the case to the Commissioner for further proceedings.

Title 42 U.S.C. §406(b) allows the Court to award counsel for a successful claimant fees for work performed before the Court, however, the fees must be in a "reasonable" amount and must not exceed 25 percent of the total past due benefits awarded to the claimant. 42 U.S.C. §406(b), *Coppett v. Barnhart*, 242 F.Supp.2d 1380, 1382 (S.D. Ga. 2002). Section 406(b) does not replace the contingent fee agreement between the client and counsel, but it does require the Court to examine the agreement and the amount of fees, and make an independent determination that the fees are reasonable for the results in a particular case. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). A court must first look to the contingent-fee agreement and verify that it is reasonable. *Id*. at 808. A court must then look to see if the attorney delayed the case, or if the benefits are large in comparison to the amount of time counsel spent on the case. *Id*. A court **may** require that counsel submit a record of the

hours spent and counsel's normal hourly billing rate to aid the court in making its determination as to reasonableness. *Id.*[1]

Upon review of Plaintiff's counsel's Amended Motion for Attorney Fees and the contingent fee agreement, the Court finds that the fees requested by counsel are reasonable. The contingent fee agreement provides that the parties agreed that counsel "may charge 25% of the retroactive benefits pursuant to Sec. 406(b) subject to approval by the Court." (Doc. 17, Exh. A). The fee agreement comports with 42 U.S.C. §406(b) in that it allows a fee award up to 25% of the past due benefits.

The Court reviewed the file and notes that counsel did not delay this case. The Plaintiff filed his application on March 6, 2000, and also filed a prior application for benefits on May 4, 1999. The Plaintiff was finally awarded benefits. The delay in obtaining benefits is not attributable to counsel. Counsel was never assured of receiving an award of fees in that the Plaintiff was denied benefits initially by the Commissioner.

The Court also reviewed the amount of past due benefits to determine if the fees are large in comparison to the amount of time counsel spent on the case. The Commissioner argues that the fees are excessive. According to the calculations of the Commissioner, counsel would be receiving approximately $1121.86 per hour for the 5.5 hours she spent in this case if she were to collect a fee of $6,170.25. While a contingency fee of $1121.86 per hour is high, the Court notes that other courts have awarded similar amounts for contingency fees. *Claypool v.* Barnhart, 294 F.Supp.2d 829, 833-34 (S.D. W. Va. 2003) (approving contingency fee translating to an award of $1433 per hour); *Bergen v. Commissioner of Social Security,* 6:02-cv-458-ORL-22KRS (approving contingency fee translating

---

[1] A court is not to use the lodestar method in determining the reasonableness of the fees in that the lodestar method "was designed to govern imposition of fees on the losing party" which does not occur in Social Security Benefit cases.

to an award of $1,116.11 per hour); *Brown v. Barnhart*, 270 F.Supp.2d 769, 772-773 (W.D. Va. 2003) (approving contingency fee translating to $977 per hour); and *Coppett v. Barnhart*, 242 F.Supp.2d at 1385 (approving a contingency fee translating to an award of $350.49 per hour). Even though the fee request on an hourly basis is high, if the Plaintiff's counsel were requesting the full 25% of retroactive benefits, then the fee award would be $30,322.00. The Plaintiff's counsel reduced her fee request to $6,170.25 which is approximately 5% of the retroactive benefits. For the foregoing reasons, the Court finds that the attorney's fees requested by counsel for the Plaintiff pursuant to 42 U.S.C. §406(b) do not violate the statutory cap, are not a product of fraud or overreaching, and are reasonable.

It is respectfully recommended that Counsel for the Plaintiff be awarded $6170.25 in attorney's fees pursuant to 42 U.S.C. §406(b) and that counsel reimburse the Plaintiff the amount of $831.63 which is the amount awarded as EAJA fees.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida this 14th day of May, 2007.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record